FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
FEB -7 2002
Robert M. March
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA JOHN, DARRELL YAZZIE,
Individually and as the Next Friends
and parents of Christian Ray Yazzie,

**Plaintiffs,**

v.                                                            Civ. 00-850 JP/DJS

UNITED STATES OF AMERICA,

**Defendant.**

## RECOMMENDATION

**THIS MATTER** comes before the Court for a recommendation concerning the fairness and adequacy of a proposed settlement. On January 29, 2002, the Court held a hearing regarding the proposed settlement of this case. The Court heard presentations by Plaintiff's counsel, Guy Dicharry, Defendant's counsel, Virgil Lewis, II, and Christian Ray Yazzie's Guardian *Ad Litem*, Frank L. Spring. In addition, the Court reviewed the pleadings of this case and the thorough report provided by the guardian *ad litem*. Further, the Court is familiar with the case and the considerations which went into its settlement due to participation in protracted settlement negotiations.

This case is a medical malpractice action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346 *et seq.* for medical malpractice. Plaintiff Melissa John was admitted into the Northern Navajo Medical Center on February 11, 199 when she was 37 weeks pregnant and was diagnosed with preeclampsia. She remained in the hospital and delivered a baby boy on February 15, 1999. At birth the child had no heart rate or breathing. The baby, Christian Ray Yazzie, lived, but suffered from oxygen deprivation before and after birth. He is permanently physically and

77

mentally impaired.

The Court finds that the proposed settlement will result in a substantial sum being paid to Plaintiffs for the benefit of Christian Ray Yazzie, to be used for his needs and extraordinary uninsured medical expenses. A large portion of the money will be placed in trust to ensure that funds will be available over time. The details regarding the distribution of the funds to Christian Ray Yazzie, Plaintiffs, and his counsel are provided in the Guardian *ad litem's* Report. Because that document has been filed under seal, they will not be repeated here but are incorporated by reference. In light of the foregoing factors, this Court finds that the settlement is in the best interest of the child. Given the facts of the case and the possible range of recovery, the settlement should be the best provision for Christian Ray Yazzie's needs.

Based upon my review of the case and the settlement proceedings, this Court further finds that the fees and expenses incurred by Mr. Dicharry are reasonable. The contingent attorney's fee in this case is limited by the Tort Claims Act. Prosecution of this matter required extensive travel as well as substantial consultation with numerous experts. Mr. Dicharry is extraordinarily well qualified to handle medical malpractice suits and engaged in a thorough preparation of the case. His preparation of and work on the case was instrumental in obtaining the settlement offer made by Defendants.

**IT IS THEREFORE RECOMMENDED** that the Court approve the terms of the settlement.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE